Sam H. Harris Theatrical Enterprises, Inc. v. Commissioner. Estate of Sam H. Harris, Deceased, Kathleen Nolan Harris, George M. Cohan, Irving Berlin and Dennis F. O'Brien, Executors v. Commissioner.
Sam H. Harris Theatrical Enterprises v. Commissioner
Docket Nos. 106228, 106229.
United States Tax Court
1943 Tax Ct. Memo LEXIS 521; 1 T.C.M. (CCH) 352; T.C.M. (RIA) 43004; January 6, 1943
*521 In 1925 property was exchanged by an individual to petitioner corporation for its bonds of $1,000,000 face value. The property was worth less than the face value of the bonds. In 1938 petitioner redeemed $600,000 worth of such bonds, all then outstanding, by a payment of $600,000 in cash and its equivalent. Held, petitioner is not entitled to deduct the difference between the fair market value of such property and the face amount of such bonds as a bond discount loss in 1938. Sacramento Medico Dental Building Co., 47 B.T.A. 315, followed. Arthur F. Driscoll, Esq., 152 W. 42nd St., New York City, and T. Newman Lawler, Esq., 152 W. 42nd St., New York City, for the petitioners. Conway Kitchen, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $56,602.66 in the income tax of petitioner, Sam H. Harris Theatrical Enterprises, Inc., and a deficiency of $14,631.11 in its excess-profits tax liability, for the taxable year ending June 30, 1938. The respondent also proposed for assessment against Sam H. Harris, as transferee, the respective deficiencies in its income and excess-profits taxes as determined *522 by him against the corporate petitioner. Sam H. Harris died on July 3, 1941, and Kathleen Nolan Harris, George M. Cohan, Irving Berlin, and Dennis F. O'Brien, executors of his estate, were duly substituted as the petitioners in Docket No. 106229. The liability of the Estate of Sam H. Harris for the deficiencies in tax, if any, for Sam H. Harris Theatrical Enterprises, Inc. is conceded by counsel for the petitioners. Therefore, the issues relate solely to the tax liability of that corporate petitioner in Docket No. 106228, and hereafter it will be referred to as the petitioner. The issues are: 1. The deductibility of the difference between the fair market value of property exchanged in 1925 for bonds of the petitioner and the face value of such bonds, asserted as a bond discount loss in 1938, the year in which the bonds were paid or redeemed. 2. The right of the petitioner to a dividends paid credit in excess of that applicable to the amount distributed to its stockholder when the entire assets were distributed in complete liquidation during the taxable year. Findings of Fact The petitioner is a corporation organized under the laws of Delaware and had its principal office in *523 New York City, New York. Sam H. Harris was an individual whose principal place of business was at 239 West 45th Street, New York City, New York. He filed his income tax return for the taxable year ending June 30, 1938, with the collector of internal revenue for the Third District of New York. On April 21, 1925, Sam H. Harris transferred to the petitioner all of his right, title, and interest in and to certain assets consisting of real estate investments, accounts receivable, corporate stock, cash ($717.49), and miscellaneous property, in exchange for $1,000,000 par value of the petitioner's four per cent debenture bonds, dated April 21, 1925, and maturing April 21, 1935. On the same day Sam H. Harris also transferred to the petitioner the entire good will of the theatrical business theretofore carried on by him, together with all of his right, title, and interest in and to certain plays and dramatic compositions, in exchange for 1,000 shares of capital stock of the petitioner, of no par value. The bonds were issued in payment of the said assets for value received and were redeemable at their face value. The assets so exchanged were set up by the petitioner on its books on April 21, *524 1925, at a value of $969,506.74 and were so carried on its books of account which, in 1925, were kept on the accrual basis. Later the petitioner changed its method of bookkeeping and kept its accounts and filed its income tax returns on the cash basis. During the taxable year the petitioner had outstanding $600,000 of its four per cent debenture bonds, owned by Sam H. Harris. In June 1938 the petitioner paid to Harris the sum of $600,000, of which $101,935.05 was in cash, $56,756.25 in securities, $18,556.55 in advances, and $322,752.15 in accounts receivable due from Harris. It thereby acquired all of such bonds held by him. Sam H. Harris included in his income tax return for the year ending June 30, 1938, as a capital gain, the difference between the alleged cost of such bonds to him, $367,980, and their redemption price of $600,000, or $232,020. This gain was reflected in the computation of his tax. In June 1938 the petitioner paid its creditors and distributed in complete liquidation its entire assets, including the sum of $62,445.17, paid to Sam H. Harris, its sole stockholder. It was dissolved on June 23, 1938. The petitioner paid the $600,000 in cash and its equivalent to *525 Harris for his bonds as a part of the plan to dissolve the corporation and as a constituent step of such dissolution. The respondent determined a taxable net income of $258,367.94 and allowed credits for dividends received and capital stock valuation aggregating $116,946.68. He found the petitioner's adjusted net income to be $214,181.10, from which he deducted the dividends paid credit of $62,445.17, leaving an undistributed net income of $151,735.93. With this figure as a basis he then computed the surtax under the provisions of section 14 (b) of the Revenue Act of 1936 and arrived at the figure of $27,046.93, to which he added the normal tax of $29,555.73, making a total deficiency of $56,602.66 in the petitioner's income tax. He disallowed any additional credit for other amounts distributed in liquidation. Subsequent to the hearing and after the enactment of the Revenue Act of 1942 it was stipulated by the parties that the petitioner, Sam H. Harris Theatrical Enterprises, Inc., is entitled to a credit for a deficit in accumulated earnings and profits as at June 30, 1937, in the amount of $371,413.89 for the purpose of computing the surtax on undistributed profits. Opinion *526 VAN FOSSAN, Judge: The first issue is whether or not a corporation which issued its bonds for property whose value is less than the face of the bonds, is entitled to deduct as a loss the difference between such lesser value and the full face value of the bonds when redeemed. Certain evidence indicates that the fair market value of the various items of property comprising the assets turned over to the petitioner by Harris was considerably less than the face value of the bonds. We deem it unnecessary to fix the fair market value of such assets. Under our view of the situation their fair market value is immaterial. It is enough to know that they were entered and carried on the petitioner's books at over $969,000. In 1925 the petitioner issued its four per cent debenture bonds in the amount of $1,000,000. It exchanged the bonds in payment for assets (including an insignificant amount of cash) owned by Harris and worth less than the face value of the bonds. Thirteen years later it redeemed the remaining outstanding bonds of the face value of $600,000 by the payment of $600,000 in cash and its equivalent. In 1925 the petitioner obligated itself to pay $1,000,000 ten years thereafter. *527 By that action it fixed the ultimate sum to be paid. Such future amount measured the present cost of the assets to the petitioner in 1925. It was held in Sacramento Medico Dental Building Co., 47 B.T.A. 315, that the basis of the property to the petitioner in that case, acquired by it in return for its bonds, was the face amount of such bonds (less the cash received in the transaction) and not the fair market value of the property given in exchange for the bonds. Such fair market value was substantially less than the face value of the bonds. It was there held also that the petitioner did not issue its bonds at a discount and was not entitled to any deduction for discount amortization. The principle set forth in the Sacramento Medico Dental Building Co. case is applicable to the situation before us. See American Smelting & Refining Co. v. United States, 39 Fed. Supp. 334. The second issue, i.e. the liability of petitioner for surtax on its net income, is settled by the stipulation of the parties. The respondent found that the petitioner's undistributed net income was $151,735.93. Since that sum is less than *528 the stipulated credit, $371,413.89, the petitioner is not subject to the surtax on undistributed profits under the provisions of section 14 (b) of the Revenue Act of 1936 as amended by section 501 of the Revenue Act of 1942. Decisions will be entered under Rule 50.